JUN - 8 2017

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BUCA RESTAURANTS 2, INC., a Minnesota corporation, and DOES 1 through 20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DANIEL GONZALEZ, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 07 2017

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is: LASC - Central
*(El nombre y dirección de la corte es):*

111 N. Hill Street
Los Angeles, CA 90012
Stanley Mosk Courthouse

**CASE NUMBER:**
*(Número del Caso):*

BC 6 6 4 2 4 1

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

A. Jacob Nalbandyan, Esq. (272023) | Charles L. Shute, Esq. (288860)
Employees Legal Advocates, LLP
811 Wilshire Blvd. Suite 800
Los Angeles, CA 90017

DATE: JUN 07 2017    SHERRI R. CARTER    Clerk, by Glorietta Robinson , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* Buca Restaurants 2, Inc., a Minnesota Corporation

under: [✓] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

A. Jacob Nalbandyan, Esq. (SBN 272023)
jnalbandyan@employeesla.com
Charles L. Shute, Esq. (SBN 288860)
cshute@employeesla.com
**EMPLOYEES' LEGAL ADVOCATES, LLP**
811 Wilshire Blvd, Suite 800
Los Angeles, CA 90017
Tel: (213) 232-4848
Fax: (213) 232-4849

Attorneys for Plaintiff,
DANIEL GONZALEZ

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 0 7 2017

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

**BC 6 6 4 2 4 1**

| | |
|---|---|
| DANIEL GONZALEZ, an individual, | Case No.: |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR DAMAGES, INJUNCTIVE, RESTITUTIONARY, AND DECLARATORY RELIEF** |
| BUCA RESTAURANTS 2, INC., a Minnesota corporation, and DOES 1 through 20, Inclusive, | 1. **FAILURE TO PROVIDE MEAL PERIODS** |
| Defendants. | 2. **FAILURE TO PROVIDE REST PERIODS** |
| | 3. **WILLFUL FAILURE TO PAY WAGES** |
| | 4. **FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS** |
| | 5. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, et seq.** |
| | **Demand over $25,000.00** |
| | **Demand for Jury Trial** |

Plaintiff DANIEL GONZALEZ (hereinafter "Plaintiff") brings this class action on behalf of himself and other similarly situated current and former non-exempt hourly wage earners employed in the State of California (hereinafter referred to as "Class Members") of Defendant BUCA RESTAURANTS 2, INC. and other as of yet unnamed Defendants, DOES 1 through 20, inclusive (collectively hereinafter, "Defendants"), who are similarly situated, for violations of the California Labor Code. Plaintiff reserves the right to name additional class representatives. Plaintiff and Class Members seek damages, statutory penalties, attorney's fees, statutory interest, and costs of suit.

## PARTIES, VENUE, AND JURISDICTION

1.      Plaintiff, at all relevant times herein resided in the County of Los Angeles, State of California.

2.      Defendant BUCA RESTAURANTS 2, INC. is a Minnesota Corporation with its principal place of business in Los Angeles County.

3.      Plaintiff is informed and believes, and thereon alleges, BUCA RESTAURANTS 2, INC. owns and operates Italian restaurants.

4.      The unlawful acts pleaded herein occurred in Los Angeles, California.

5.      The true names and capacities of DOES 1 through 20, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  At all relevant times herein, each of the fictitiously named Defendants was an employee, agent, servant, partner, member, shareholder, officer, directors, joint venturers, co-conspirator, or an alter ego of one of the named Defendants, and was acting within the purpose and scope of said agency or employment.

6.      Each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and Plaintiff's damages, as alleged herein, were proximately caused by such Defendants. Plaintiff will amend this Complaint to show the true names and capacities of said Defendants when they have been ascertained.

///

///

**COMPLAINT FOR DAMAGES**

1       7.    As used herein, the term "Defendants" means all Defendants, both jointly and severally,

2   and references by name to any named Defendant shall include all Defendants, both jointly and

3   severally. Plaintiff is further informed and believes and thereon alleges that Defendants were acting

4   within the course and scope of their agency and employment and with the knowledge and consent of

5   each other.

6       8.    Venue is proper in Los Angeles County pursuant to California Code of Civil Procedure

7   §§395(a), 395.5.

8       9.    On June 6, 2017 Plaintiff provided written notice by certified mail to the Labor and

9   Workforce Development Agency and to Defendant BUCA RESTAURANTS 2, INC. of the specific

10   provisions of the California Labor Code that Defendant BUCA RESTAURANTS 2, INC. violated,

11   thereby satisfying the requirements of Cal. Lab. Code § 2699.3.

12       10.    As of the date of the filing of this Complaint, Plaintiff has not received notice from the

13   Labor and Workforce Development Agency. Should the Labor and Workforce Development Agency

14   decide not to investigate the violations or should the Labor and Workforce Development Agency fail

15   to respond to Plaintiff's notice, Plaintiff reserves the right, pursuant to Cal. Lab. Code §

16   2699.3(a)(2)(C), to amend this Complaint as a matter of right to add a cause of action pursuant to Cal.

17   Lab. Code § 2698 ("Private Attorneys General Act").

18

19       **FACTUAL ALLEGATIONS COMMON TO CLASS CLAIMS**

20       11.    Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as

21   though fully set forth herein.

22       12.    Plaintiff brings this lawsuit as a class action, pursuant to California Code of Civil

23   Procedure Section 382. This suit is a class-action brought on behalf of the Plaintiff class which is

24   comprised of all persons who have been employed as hourly wage earners in California by BUCA

25   RESTAURANTS 2, INC. during the class period.

26       13.    At all times relevant herein, BUCA RESTAURANTS 2, INC. was and is a Minnesota

27   corporation, whose business consists of owning and operating a chain of Italian restaurants.

28   Defendant's business has been and is regulated by various California Labor Code Sections including

1    but not limited to 226, 226.7, 510, 512, *et seq*., and various Industrial Welfare Commission Wage

2    Orders, including but not limited to Wage Order Number 5.

3         14.    BUCA RESTAURANTS 2, INC. employs numerous wage earners, either presently or

4    at material times in the past, including Plaintiff and Class Members.

5         15.    The class period is designated as of June 1, 2013 through the present, despite the fact

6    that the following conduct has systematically occurred long before this date. Plaintiff reserves the right

7    to amend this Complaint to reflect a different class period as discovery proceeds.

8         16.    At all times relevant to this action, Plaintiff and Class Members were full-time, non-

9    exempt employees of Defendant.

10        17.    At all times relevant to this action, Plaintiff and Class Members were denied the

11   opportunity to take legally mandated duty-free 10-minute rest periods and 30-minute meal periods.

12        18.    At all times relevant to this action, Defendant failed to maintain a lawful policy for

13   providing lawful duty-free rest and meal periods for its employees and other labor rights.

14        19.    Plaintiff was employed as a Cook for BUCA RESTAURANTS 2, INC. from

15   approximately May 5, 2004 to July 25, 2016. Plaintiff's hourly wage at the time the employment

16   relationship ceased was $15.00 per hour. Plaintiff generally worked seven shifts per week and

17   averaged at least forty hours of work per week.

18        20.    At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges

19   that his timesheets will demonstrate that he worked in excess of eight hours without breaks.

20        21.    Since Plaintiff is a Class Member, all similarly situated employees were affected by

21   Defendant's scheme.

22        22.    At no time relevant hereto has Defendant paid one hour of wages as compensation for

23   each duty-free meal and/or rest period not provided, when they became due and payable.

24        23.    At all relevant times hereto, Defendant BUCA RESTAURANTS 2, INC. failed to

25   furnish Plaintiff and Class Members with accurate itemized statements in writing showing the accurate

26   hours worked and paid and that Plaintiff and Class Members had earned one additional hour of pay for

27   meal and/or rest periods not provided.

28   ///

24.    Plaintiff is informed and believes that Defendant is in possession of the relevant records that will enable an accurate calculation of the Plaintiff's hours worked, rest and meal periods missed, wages owed, damages and corresponding civil penalties.

## CLASS ACTION ALLEGATIONS

25.    Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

26.    Plaintiff brings this action as a class-action pursuant to California Code of Civil Procedure Section 382 on behalf of the following defined class:

**All persons who, since June 1, 2013 through the present, have worked or are currently working as hourly wage earners in California for BUCA RESTAURANTS 2, INC., and have been subjected to California Labor Code violations by it.**

27.    **Numerosity:**  Plaintiff is informed and believes, and thereon alleges that during the class period at least 100 persons have been employed as hourly wage earners for Defendant in the State of California. The members of the class are so numerous that joinder of all members would be impractical, if not impossible. Although the number of class members cannot be properly determined without further discovery, the identity of the members of the class is readily ascertainable by review of BUCA RESTAURANTS 2, INC.'s records.

28.    **Adequacy:**  The named Plaintiff is fully prepared to represent fairly, and protect the interests of the class members, has no interest antagonistic to them, and will vigorously pursue this suit. Plaintiff's counsel is competent, skilled and capable of litigating this action, as counsel has extensive experience in wage and hour law, and has successfully litigated many cases.

29.    **Typicality:**  Plaintiff's claims are typical of the members of the Plaintiff class. Plaintiff, like all other members of the class of hourly wage earners working for BUCA RESTAURANTS 2, INC., was subjected to BUCA RESTAURANTS 2, INC.'s systemic course of illegal payroll practices and policies, which applied to all Class Members, including a policy of failing to provide rest and meal periods, failing to provide accurate pay stubs, and willfully failing to pay wages when due, in violation of California law. Plaintiff's job duties and claims were and are typical

**COMPLAINT FOR DAMAGES**

of those of other class members who worked for BUCA RESTAURANTS 2, INC. as non-exempt hourly employees in California.

30.    **Superiority:**  A class action is the only realistic method available for the fair and efficient adjudication of this controversy.  Because the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation makes it impracticable for members of the class to seek redress individually for the wrongful conduct herein alleged.  Were each individual members required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court. The prosecution of separate actions would also create the risk of inconsistent rulings, which may be dispositive of the interest of class members who are not parties to the adjudication and may substantially impede Class Members' ability to protect their interests, and therefore would be contrary to the interest of justice and equity.

31.    **Common questions of law and fact:** Among the questions of law and fact that are common to the Plaintiff class are:

a.  whether BUCA RESTAURANTS 2, INC. unlawfully failed to permit meal periods in violation of CAL. LAB. CODE §§ 512 & 226.7 and IWC Wage Order No. 5-2001, Section 11;

b.  whether BUCA RESTAURANTS 2, INC. unlawfully failed to permit rest periods in violation of CAL. LAB. CODE §226.7 and IWC Wage Order No. 5-2001, Section 12;

c.  whether BUCA RESTAURANTS 2, INC.'s failure to provide accurate paystubs reflecting total hours worked, wages earned, and rest and meal periods in appropriate workweeks violates applicable provisions of the California Labor Code, IWC Wage Orders, and the California Business and Professions Code;

d.  whether BUCA RESTAURANTS 2, INC. failed to promptly pay, and willfully withheld compensation owing to members of the Plaintiff class when due in violation of CAL. LAB. CODE §§201-203; and

///

**COMPLAINT FOR DAMAGES**

1     e. whether Class Members sustained damages as a result of Defendant's violations

2      and, if so, the proper measure of such damages.

3  32. Plaintiff knows of no difficulty that may be encountered in the management of this

4 litigation that would preclude its maintenance as a class-action.

5  33. The names and addresses of the Class Members are available from Defendant. Notice

6 will be provided to the Class Members via first class mail and by use of other forms of notice similar

7 to those customarily used in class-actions.

8

9        **FIRST CAUSE OF ACTION**

10       **FAILURE TO PROVIDE MEAL PERIODS**

11  34. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as

12 though fully set forth herein.

13  35. CAL. LAB. CODE §§ 512, 226.7, IWC Wage Order No. 5-2001 §11 require employers to

14 provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for

15 every period of work exceeding five hours.

16  36. Throughout Plaintiff's and Class Members' employment, they regularly worked in excess

17 of five hours per day without being permitted to take uninterrupted 30-minute meal periods. Defendant

18 routinely failed to provide Plaintiff and Class Members duty-free meal periods that were not provided in

19 accordance with Labor Code Sections 226.7 and 512 and/or Wage Order Number 5 during the class

20 period. Furthermore, Defendant did not and does not provide Plaintiff and Class Members uninterrupted

21 meal periods or pay to Plaintiff and Class Members one hour of wages as compensation for the duty-free

22 meal periods not provided, as required by law.

23  37. Consequently, Plaintiff and Class Members are owed unpaid wages, plus interest on that

24 amount at ten percent per annum, calculated at one hour of pay at their regular hourly rate for each day

25 that they were denied such a meal period pursuant to CAL. LAB. CODE §§ 512, 226.7, IWC Wage Order

26 No. 5-2001 §11. Plaintiff and Class Members are also entitled to reasonable attorneys' fees and costs of

27 suit.

28 ///

**COMPLAINT FOR DAMAGES**

38. Enforcement of statutory provisions enacted to protect workers and to ensure proper and prompt payment of wages due to employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will result in the enforcement of important rights as affecting the public interest and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated herein is necessary, as no public agency has pursued enforcement. Plaintiff is incurring a financial burden in pursuing this action and it would be against the interests of justice to require the payment of attorneys' fees and costs by Plaintiff from any recovery that might be obtained herein, pursuant to, *inter alia*, Labor Code Section 218.5 and Code of Civil Procedure Section 1021.5.

39. In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to Plaintiff and against Defendant under Code of Civil Procedure Section 1021.5 and other applicable law in part because:

a. A successful outcome in this action will result in the enforcement of important rights affecting the public interest by requiring Defendant to comply with the wage and hour laws and California's unfair business practice laws;

b. This action will result in a significant benefit to Plaintiff, the Class Members, and the general public by bringing to halt unlawful, unfair, deceptive, and misleading activity and by causing the return of all ill-gotten gains obtained by Defendant;

c. Unless this action is prosecuted, Class Members and general public will not recover those monies, and many of Defendant's employees would not be aware that they were victimized by Defendant's wrongful acts and practices:

d. Unless this action is prosecuted, Defendant will continue to mislead its employees about the true nature of their rights and remedies under the wage and hour laws; and

e. An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to Plaintiff, the Class Members, and to consumers in general by preventing Defendant from continuing to circumvent the wage and our statutes and frustrate the long-standing recognition by the California

legislature and the courts that such statutes, as pled herein, are not merely a matter of private concern between employer and employee to be eviscerated by consideration of waiver, contributory negligence, good or bad faith, and private agreements. Rather, the wage and hour statutes have been described as a matter of public concern, were designed to provide minimum substantive guarantees to individual workers, and are essential to public welfare.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

40.    Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.



41.    CAL. LAB. CODE §226.7, IWC Wage Order No. 5-2001 §12, require an employer to provide every employee with an uninterrupted rest period of not less than 10-minutes, for every period worked in excess of four hours. Throughout his employment, Plaintiff and Class Members regularly worked in excess of four hours per day, and were thereby entitled to take uninterrupted 10-minute rest periods. As a pattern and practice, Defendant has required Plaintiff and Class Members to work more than four (4) hours per day without providing uninterrupted 10-minute rest periods. Defendant routinely failed to provide Plaintiff and Class Members duty-free rest periods and/or to pay Plaintiff and Class Members one additional hour of pay for each duty-free rest period that was not provided in accordance with Labor Code Section 226.7 and Wage Order Number 5 during the class period.

42.    Consequently, Plaintiff and Class Members are owed unpaid wages, plus interest on that amount at ten percent per annum, calculated at one hour of pay at their regular hourly rate for each day that they were denied such rest periods pursuant to CAL. LAB. CODE § 226.7 and Wage Order 5. Plaintiff and Class Members are also entitled to reasonable attorney's fees and costs of suit.

43.    Enforcement of statutory provisions enacted to protect workers and to ensure proper and prompt payment of wages due to employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will result in the enforcement of important rights as affecting the public interest and will confer a significant benefit upon the general public. Private

**COMPLAINT FOR DAMAGES**

1  enforcement of the rights enumerated herein is necessary, as no public agency has pursued enforcement.

2  Plaintiff is incurring a financial burden in pursuing this action and it would be against the interests of

3  justice to require the payment of attorneys' fees and costs by Plaintiff from any recovery that might be

4  obtained herein, pursuant to, *inter alia*, Labor Code Section 218.5 and Code of Civil Procedure Section

5  1021.5.

6      44.    In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest,

7  then attorneys' fees may be awarded to Plaintiff and against Defendant under Code of Civil Procedure

8  Section 1021.5 and other applicable law in part because:

9          a.  A successful outcome in this action will result in the enforcement of important

10             rights affecting the public interest by requiring Defendant to comply with the wage

11             and hour laws and California's unfair business practice laws;

12         b.  This action will result in a significant benefit to Plaintiff, the Class Members, and

13             the general public by bringing to halt unlawful, unfair, deceptive, and misleading

14             activity and by causing the return of all ill-gotten gains obtained by Defendant;

15         c.  Unless this action is prosecuted, Class Members and general public will not

16             recover those monies, and many of Defendant's employees would not be aware

17             that they were victimized by Defendant's wrongful acts and practices:

18         d.  Unless this action is prosecuted, Defendant will continue to mislead its employees

19             about the true nature of their rights and remedies under the wage and hour laws;

20             and

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///



-10-

**COMPLAINT FOR DAMAGES**

e.  An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to Plaintiff, the Class Members, and to consumers in general by preventing Defendant from continuing to circumvent the wage and our statutes and frustrate the long-standing recognition by the California legislature and the courts that such statutes, as pled herein, are not merely a matter of private concern between employer and employee to he eviscerated by consideration of waiver, contributory negligence, good or bad faith, and private agreements. Rather, the wage and hour statutes have been described as a matter of public concern, were designed to provide minimum substantive guarantees to individual workers, and are essential to public welfare.

## THIRD CAUSE OF ACTION
### WILLFUL FAILURE TO PAY WAGES

45.  Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

46.  CAL. LAB. CODE § 201 provides in relevant part: "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

47.  CAL. LAB. CODE § 202 provides in relevant part: "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

48.  As alleged herein, Defendant willfully failed to pay wages of Plaintiff and Class Members at the time they became due and payable, in violation of Labor Code Sections 201 and 202.

49.  Defendant's failure to pay wages as alleged herein was willful as Defendant knew that Plaintiff and Class Members did not receive all earned pay based on at least the following: (1) Defendant has records of the actual hours Plaintiff and Class Members worked, wages actually paid, and the meal and/or rest periods Plaintiff and Class Members missed; and (2) these records reflected that

**COMPLAINT FOR DAMAGES**

1   Plaintiff and Class Members were not paid minimum wages, overtime wages, and an hour of wages for
2   each duty-free meal and/or rest period that was not provided, as required by Labor Code Sections and
3   applicable Wage Orders, including but not limited to Wage Order Number 5.

4       50.     As a result of Defendant's unlawful acts, Plaintiff and Class Members, who are former
5   employees of Defendant, are entitled to recover, pursuant to California Labor Code Section 203,
6   continuing wages as a penalty from the due date thereof at the same rate until paid or this action was
7   commenced, but no more than thirty days.

8       51.     Enforcement of statutory provisions enacted to protect workers and to ensure proper and
9   prompt payment of wages due to employees is a fundamental public interest in California.
10  Consequently, Plaintiff's success in this action will result in the enforcement of important rights as
11  affecting the public interest and will confer a significant benefit upon the general public. Private
12  enforcement of the rights enumerated herein is necessary, as no public agency has pursued enforcement.
13  Plaintiff is incurring a financial burden in pursuing this action and it would be against the interests of
14  justice to require the payment of attorneys' fees and costs by Plaintiff from any recovery that might be
15  obtained herein, pursuant to, *inter alia*, Labor Code Section 218.5 and Code of Civil Procedure Section
16  1021.5.

17      52.     In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest,
18  then attorneys' fees may be awarded to Plaintiff and against Defendant under Code of Civil Procedure
19  Section 1021.5 and other applicable law in part because:

20          a.  A successful outcome in this action will result in the enforcement of important
21              rights affecting the public interest by requiring Defendant to comply with the wage
22              and hour laws and California's unfair business practice laws;

23          b.  This action will result in a significant benefit to Plaintiff, the Class Members, and
24              the general public by bringing to halt unlawful, unfair, deceptive, and misleading
25              activity and by causing the return of all ill-gotten gains obtained by Defendant;

26          c.  Unless this action is prosecuted, Class Members and general public will not
27              recover those monies, and many of Defendant's employees would not be aware
28              that they were victimized by Defendant's wrongful acts and practices:

**COMPLAINT FOR DAMAGES**

d. Unless this action is prosecuted, Defendant will continue to mislead its employees about the true nature of their rights and remedies under the wage and hour laws; and

e. An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to Plaintiff, the Class Members, and to consumers in general by preventing Defendant from continuing to circumvent the wage and our statutes and frustrate the long-standing recognition by the California legislature and the courts that such statutes, as pled herein, are not merely a matter of private concern between employer and employee to be eviscerated by consideration of waiver, contributory negligence, good or bad faith, and private agreements. Rather, the wage and hour statutes have been described as a matter of public concern, were designed to provide minimum substantive guarantees to individual workers, and are essential to public welfare.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS

53. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

54. Pursuant to California Labor Code §§ 226(a) and 1174, on a semi-monthly basis or at the time of the payment of wages, Defendant was required to furnish each of their employees with an accurate itemized statement in writing showing, *inter alia*, the gross wages earned and the net wages earned.

///
///
///
///
///
///

-13-

55.     At all relevant times herein, for each of Defendant's failures to provide Plaintiff and Class Members overtime/double-time wages, and duty-fee meal and/or rest periods or pay to Plaintiff and Class Members one hour wages as compensation for each duty-fee meal and/or rest period not provided, in accordance with California law, Defendant failed to furnish Plaintiff and Class Member with an accurate itemized statement in writing showing that Plaintiff's and Class Members' accurate hours worked and paid and that they had earned one additional hour of pay for meal and/or rest periods not provided.

56.     Pursuant to California Labor Code Section 226(e), employees, such as Plaintiff and Class Members who suffer injury as a result of a knowing and intentional failure by an employer to comply with the provisions of California Labor Code Section 226(a) are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and are entitled to costs and reasonable attorney's fees.

57.     Defendant knowingly and intentionally failed to provide Plaintiff and Class Members accurate itemized statements, in compliance with California Labor Code Section 226(a), and did so in order to conceal their liability from Plaintiff and Class Members.

58.     As a direct and proximate result of Defendant's failure to provide itemized wage and hour statements, Plaintiff and Class Members have been unable to accurately calculate their tax liabilities or adequately keep track of their wages and earnings, and thereby suffered actual injuries in excess of the $4,000.00 statutory maximum to be shown according to proof at trial.

59.     Enforcement of statutory provisions enacted to protect workers and to ensure proper and prompt payment of wages due to employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will result in the enforcement of important rights as affecting the public interest and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated herein is necessary, as no public agency has pursued enforcement. Plaintiff is incurring a financial burden in pursuing this action and it would be against the interests of justice to require the payment of attorneys' fees and costs by Plaintiff from any recovery that might be

COMPLAINT FOR DAMAGES

1    obtained herein, pursuant to, *inter alia*, Labor Code Section 218.5 and Code of Civil Procedure Section
2    1021.5.

3        60.    In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest,
4    then attorneys' fees may be awarded to Plaintiff and against Defendant under Code of Civil Procedure
5    Section 1021.5 and other applicable law in part because:

    a.  A successful outcome in this action will result in the enforcement of important
        rights affecting the public interest by requiring Defendant to comply with the wage
        and hour laws and California's unfair business practice laws;

    b.  This action will result in a significant benefit to Plaintiff, the Class Members, and
        the general public by bringing to halt unlawful, unfair, deceptive, and misleading
        activity and by causing the return of all ill-gotten gains obtained by Defendant;

    c.  Unless this action is prosecuted, Class Members and general public will not
        recover those monies, and many of Defendant's employees would not be aware
        that they were victimized by Defendant's wrongful acts and practices;

    d.  Unless this action is prosecuted, Defendant will continue to mislead its employees
        about the true nature of their rights and remedies under the wage and hour laws;
        and

    e.  An award of attorneys' fees and costs is necessary for the prosecution of this
        action and will result in a benefit to Plaintiff, the Class Members, and to
        consumers in general by preventing Defendant from continuing to circumvent the
        wage and our statutes and frustrate the long-standing recognition by the California
        legislature and the courts that such statutes, as pled herein, are not merely a matter
        of private concern between employer and employee to be eviscerated by
        consideration of waiver, contributory negligence, good or bad faith, and private
        agreements. Rather, the wage and hour statutes have been described as a matter of
        public concern, were designed to provide minimum substantive guarantees to
        individual workers, and are essential to public welfare.

///

**COMPLAINT FOR DAMAGES**

## FIFTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*

61.    Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

62.    California Business and Professions Code Sections 17200 *et seq.* ("the UCL") prohibit unfair competition, including but not limited to any unlawful, unfair or fraudulent business practice.

63.    California Labor Code Section 90.5(a) provides in relevant part that it is the public policy of the State of California to vigorously enforce labor standards in order to ensure that employees are not required to work under substandard unlawful conditions, and to protect employers who comply with the law from those, such as Defendant, who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

64.    At all relevant times hereto, Defendant's conduct, as set forth above, constitutes unlawful business practices by definition and, thus, violates the UCL because of Defendant's failure to provide Plaintiff and Class Members duty-free meal and/or rest periods, failure to provide accurate itemized statements, and failure to timely pay all wages owed. Defendant's conduct constitutes unfair business practices because Defendant's practices are unethical, unscrupulous, and substantially injurious to consumers. The harm to Plaintiff, all others similarly situated, and to members of the general public, outweighs the utility, if any, of Defendant's policy and practice. Also, Defendant's conduct constitutes fraudulent business practices because Defendant's practices are likely to mislead Plaintiff, Class Members, and members of the general public.

65.    The unlawful, unfair, and fraudulent business practices by Defendant, as described herein, present a continuing threat to the public in that consumers through California have suffered and continue to suffer an injury in fact and lost money as a result of Defendant's unlawful, unfair, and fraudulent acts or practices. Plaintiff suffered an actual injury and brings this action pursuant to Code of Civil Procedure Section 382. In addition, Defendant has been unjustly enriched as a result of its conduct. Plaintiff, Class Members, and the general public have no other adequate remedy of law in that absent equitable relief from the Court, Defendant is likely to continue to injure consumers, reap unjust enrichment, and harm the public interest, thus engendering a multiplicity of judicial proceedings.

**COMPLAINT FOR DAMAGES**

66.     All Class Members can be identified by reference to records in the possession of Defendant. All Class Members are entitled to restitution of monies due to them during the relevant time period as a result of said Defendant's unlawful, unfair, and fraudulent conduct, and to injunctive relief.

67.     Plaintiff and Class Members are entitled to restitution of the unpaid amounts, as an equitable remedy, and interest at the rate of ten percent per annum, costs of suit, and reasonable attorneys' fees pursuant to the underlying claims as alleged herein above.

68.     Pursuant to Business and Professions Code Section 17203, this Court may order payment of the full amounts wrongfully retained by Defendant to Plaintiff and Class Members, who were not fully compensated for Defendant's failure to provide minimum wages, overtime wages, duty-free meal and/or rest periods at all relevant times herein. Plaintiff will, upon leave of Court, amend this Complaint to state the amount of such wrongfully retained amounts when they are ascertained.

69.     Injunctive relief is necessary and appropriate to prevent Defendant from repeating the wrongful business practices alleged herein.

70.     Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of the public as well as himself. Plaintiff and Class Members seek and are entitled to money owing and unpaid, an injunction, an equitable accounting, and all other equitable relief required to remedy Defendant's violations herein.

71.     Enforcement of statutory provisions enacted to protect workers and to ensure proper and prompt payment of wages due to employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will result in the enforcement of important rights as affecting the public interest and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated herein is necessary, as no public agency has pursued enforcement. Plaintiff is incurring a financial burden in pursuing this action and it would be against the interests of justice to require the payment of attorneys' fees and costs by Plaintiff from any recovery that might be obtained herein, pursuant to, *inter alia*, Labor Code Sections 218.5 and Code of Civil Procedure Section 1021.5.

///

///

**COMPLAINT FOR DAMAGES**

72.     In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to Plaintiff and against Defendant under Code of Civil Procedure Section 1021.5 and other applicable law in part because:

a.  A successful outcome in this action will result in the enforcement of important rights affecting the public interest by requiring Defendant to comply with the wage and hour laws and California's unfair business practice laws;

b.  This action will result in a significant benefit to Plaintiff, the Class Members, and the general public by bringing to halt unlawful, unfair, deceptive, and misleading activity and by causing the return of all ill-gotten gains obtained by Defendant;

c.  Unless this action is prosecuted, Class Members and general public will not recover those monies, and many of Defendant's employees would not be aware that they were victimized by Defendant's wrongful acts and practices:

d.  Unless this action is prosecuted, Defendant will continue to mislead its employees about the true nature of their rights and remedies under the wage and hour laws; and

e.  An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to Plaintiff, the Class Members, and to consumers in general by preventing Defendant from continuing to circumvent the wage and our statutes and frustrate the long-standing recognition by the California legislature and the courts that such statutes, as pled herein, are not merely a matter of private concern between employer and employee to be eviscerated by consideration of waiver, contributory negligence, good or bad faith, and private agreements. Rather, the wage and hour statutes have been described as a matter of public concern, were designed to provide minimum substantive guarantees to individual workers, and are essential to public welfare.

///

///

///

**COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DANIEL GONZALEZ prays for relief and judgment against Defendants BUCA RESTAURANTS 2, INC. and DOES 1 through 20 as follows:

1. On all causes of action, for an Order certifying the class, naming Plaintiff set forth herein as Class Representative, naming the attorneys of record for Plaintiff in the included action as Class Counsel, and allowing this action to proceed and be maintained as a class action;

2. On the First Cause of Action:

   a. A declaratory judgment that Defendant has violated Labor Code Sections 226.7 and 512, and Wage Order Number 5;

   b. Pursuant to Labor Code Section 226.7 and Wage Order Number 5, an award to Plaintiff and Class Members of an additional hour of pay at the employees' regular rate of compensation for meal periods that were not provided or paid for at the rate of an additional hour of pay, in accordance with California law;

   c. Accrued interest pursuant to Labor Code Sections 218.6; and

   d. An award of reasonable attorneys' fees and costs pursuant to, *inter alia*, Labor Code Section 218.5 and 1194 and Code of Civil Procedure Section 1021.5.

3. On the Second Cause of Action:

   a. A declaratory judgment that Defendant has violated Labor Code Sections 226.7, and Wage Order Number 5;

   b. Pursuant to Labor Code Section 226.7 and Wage Order Number 5, an award to Plaintiff and Class Members of an additional hour of pay at the employees' regular rate of compensation for rest periods that were not provided or paid for at the rate of an additional hour of pay, in accordance with California law;

   c. Accrued interest pursuant to Labor Code Section 218.6; and

   d. An award of reasonable attorneys' fees and costs pursuant to, *inter alia*, Labor Code Section 218.5 and 1194 and Code of Civil Procedure Section 1021.5.

4. On the Third Cause of Action:

   a. A declaratory judgment that Defendant has violated Labor Code Sections 201, 202, and 203;

**COMPLAINT FOR DAMAGES**

b. A monetary award to Plaintiff and Class Members of continuing wages as a penalty from the due date thereof at the same rate until paid or this action as commenced, but no more than thirty days; and

c. An award of reasonable attorneys' fees and costs pursuant to, *inter alia*, Labor Code Section 218.5 and 1194 and Code of Civil Procedure Section 1021.5.

5. On the Fourth Cause of Action:

a. A declaratory judgment that Defendant has violated Labor Code Section 226;

b. A monetary award as a penalty pursuant to Labor Code Section 226(e), as allowable by law; and

c. An award of reasonable attorneys' fees and costs pursuant to, *inter alia*, Labor Code Section 218.5 and 1194 and Code of Civil Procedure Section 1021.5.

6. On the Fifth Cause of Action:

a. That the Court retain jurisdiction over this matter until all sums owed by Defendant is paid and all restitution due from Defendant is made, and that the Court issue an order requiring Defendant to henceforth pay the damages or equitable relief sought herein to Plaintiff and Class Members with respect to rest and meal periods starting four years prior to the filing of this lawsuit and continuing;

b. Restitution of unpaid monies pursuant to Business & Professions Code Section 17203;

c. A preliminary and permanent injunction against Defendant restraining them from violating the California Labor Code and Wage Orders now and in the future;

d. Accrued interest pursuant to Labor Code Section 218.6; and

e. An award of reasonable attorneys' fees and costs pursuant to, *inter alia*, Labor Code Section 218.5 and 1194 and Code of Civil Procedure Section 1021.5.

7. Interest on all unpaid amounts;

8. Costs of suit;

9. All other relief that the Court deems just and proper.

///

///

**COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff and Class Members demand a trial by jury on all claims as provided by California law.

3

4    Dated: June 1, 2017

**EMPLOYEES' LEGAL ADVOCATES, LLP**

5

6

7

8    By: _____

9    A. Jacob Nalbandyan, Esq.
     Charles L. Shute, Esq.

10   Attorneys for Plaintiff,
     DANIEL GONZALEZ

11

12



13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

eLA File #: 1348                          -21-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| A. Jacob Nalbandyan, Esq. (272023) \| Charles L. Shute, Esq. (288860)<br>Employees' Legal Advocates, LLP<br>811 Wilshire Blvd, Suite 800<br>Los Angeles, CA 90017<br>TELEPHONE NO.:(213) 232-4848     FAX NO.:(213) 232-4849<br>ATTORNEY FOR *(Name):* Daniel Gonzalez | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUN 0 7 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Glorietta Robinson, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Daniel Gonzalez vs. Buca Restaurants 2, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 6 6 4 2 4 1 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):*

5. This case [X] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 1, 2017

Charles L. Shute, Esq.
_____
(TYPE OR PRINT NAME)                         ► _____
                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**
If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**
In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice- Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach-Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgement (Out of County)
  Confession of Judgement (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief for Late Claim
  Other Civil Petition

| SHORT TITLE:<br>Daniel Gonzalez vs. Buca Restaurants 2, Inc. | CASE NUMBER  BC 6 6 4 2 4 1 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES  CLASS ACTION? ☒ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 20-25 ☐ HOURS/☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1.,2.,4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1.,2.,4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1.,4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1.,4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability  (e.g., slip and fall) | 1.,4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1.,4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1.,3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1.,4. |

| SHORT TITLE: Daniel Gonzalez vs. Buca Restaurants 2, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1.,3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1.,2.,3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1.,2.,3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1.,2.,3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1.,2.,3.<br>1.,2.,3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1.,2.,3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1.,2.,3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2.,5.<br>2.,5.<br>1.,2.,5.<br>1.,2.,5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2.,5.,6.<br>2.,5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels ____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2.,6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2.,6.<br>2.,6.<br>2.,6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2.,6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential  (not drugs or wrongful eviction) | 2.,6. |
| | Unlawful Detainer Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2.,6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2.,6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Daniel Gonzalez vs. Buca Restaurants 2, Inc. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2.,6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2.,5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administration Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2.,8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ/Judicial Review | 2.,8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1.,2.,8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1.,2.,3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1.,2.,8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1.,2.,8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2.,9.<br>2.,6.<br>2.,9.<br>2.,8.<br>2.,8.<br>2.,8.,9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1.,2.,8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaration Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1.,2.,8.<br>2.,8.<br>1.,2.,8.<br>1.,2.,8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2.,8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Claim Law<br>☐ A6100  Other Civil Petition | 2.,3.,9.<br>2.,3.,9.<br>2.,3.,9.<br>2.<br>2.,7.<br>2., 3., 4., 8.<br>2.,9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>Daniel Gonzalez vs. Buca Restaurants 2, Inc. | CASE NUMBER |
|---|---|

Item III.    Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐ 1 . ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | ADDRESS:<br>1442 2nd Street |
|---|---|

| CITY:<br>Santa Monica | STATE:<br>CA | ZIP CODE:<br>90401 | |
|---|---|---|---|

Item IV.    *Declaration of Assignment*: I declare under of perjury under the laws of the State of California that the foregoing is true and and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u>          courthouse in the <u>Central</u>          District of the Los Angeles Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: <u>June 1, 2017</u>

_____
Charles L. Shute, Esq.
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMERCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet for CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed ordered appointing the Guardian as Litem, Judical Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk.  Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number _____     **BC 6 6 4 2 4 1**

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c)).

| | ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|---|
| | Judge Elihu M. Berle | 323 | 1707 |
| | Judge William F. Highberger | 322 | 1702 |
| | Judge John Shepard Wiley, Jr. | 311 | 1408 |
| | Judge Kenneth Freeman | 310 | 1412 |
| | Judge Ann Jones | 308 | 1415 |
| | Judge  Maren E. Nelson | 307 | 1402 |
| | Judge Carolyn B. Kuhl | 309 | 1409 |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

*This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.*

Given to the Plaintiff/Cross Complainant/Attorney of Record on _____     SHERRI R. CARTER, Executive Officer/Clerk

BY_____, Deputy Clerk

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:           FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
         (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➤  _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____                    ➤  _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____                    ➤  _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____                    ➤  _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____                    ➤  _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____                    ➤  _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

_____                    ➤  _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:            FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

■ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

■ **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

· There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221